E. L. FLINT, Appellee, v. ATLAS MUTUAL INSURANCE COMPANY, Appellant.

134   531
s142   433

Continuance: SURPRISE. Where an amendment is filed in the midst of a trial which raises an entirely new issue going directly to the merits of the controversy, the other party is entitled to a continuance upon a showing of surprise and want of time to meet the issue thus raised; nor should the court hold the party to a very strict and formal showing in this respect where the claim for time is made in apparent good faith.

Instructions: RECITAL OF EVIDENCE: OMISSION OF MATERIAL ITEM. Where the court in its instructions undertakes to epitomize the various matters of evidence which the jury may take into consideration on a given question, the omission of any material item bearing thereon is prejudicial error.

*Appeal from Linn District Court.—* HON. J. H. PRESTON, Judge.

MONDAY, MAY 20, 1907.

The opinion states the case.— *Reversed.*

*Berryhill & Henry,* for appellant.

*Thos. A. Cheshire,* for appellee.

WEAVER, J.— On March 3, 1904, the defendant, a fire insurance company, issued its policy to one W. E. Brazelton indemnifying him against loss by fire upon a stock of drugs at Center Point, Iowa. By the terms of the policy the loss was made payable to the plaintiff herein as mortgagee according as his interest might appear. In January, 1905, the insured property was destroyed by fire.

In March, 1905, Brazelton assigned his interest in the policy to the plaintiff, who began this action to recover thereon in September, 1905. To this claim the defendant answered, alleging that, among the conditions on which the policy was issued, it was provided that, if the applicant for insurance should fail to truly state the extent of his interest in the property, the entire policy issued upon such application should be void, and it is alleged that Brazelton procured said policy upon a statement that he was the sole and undisputed owner of the property to be insured, when in fact he owned but one-half interest therein. As a further defense, it is alleged that by the terms of the policy sued upon it was to become void in case of any fraud or false swearing relating to said insurance, whether made before or after a loss occurred, and the defendant avers that after the property was destroyed the said Brazelton presented a duly verified proof of loss as the basis of his claim under said policy, in which proof of loss he falsely said that the insured property was not incumbered in any way, and in which he agreed to accept from said defendant in full of all claims under said policy, the sum of $1,000. By a second count of its answer the defendant further avers that the value of the property lost by fire did not exceed the sum of $1,000, and alleged that the proof of loss furnished by Brazelton was for that amount, and that Brazelton agreed to accept said sum of $1,000 in full of all claims under said policy. The plaintiff filed a reply denying the averments of the answer, and upon the issues as thus joined the case proceeded to trial.

Before entering upon the trial the defendant filed a motion for continuance on account of the absence of a witness, one John M. Zane, which application was resisted by the plaintiff. The continuance was denied, and upon this ruling error is alleged. After the plaintiff had presented his testimony in chief, and rested his case, he presented and obtained leave to file an amendment to his reply, alleging that

the proof of loss and written agreement to accept $1,000 pleaded in the defendant's answer was obtained from Brazelton while he was intoxicated and incompetent to transact business, and on the false claim and representation made to said Brazelton by John M. Zane, who was the defendant's adjuster, that a partnership existed between E. L. Flint, the plaintiff herein, and said Brazelton, and that for said reason the latter could not recover, and was not entitled to recover more than $1,000, or one-half of the face of the policy, which statement by the adjuster said Brazelton in his drunken condition was fraudulently induced to believe. To the filing of this amendment the defendant objected, and after it was filed moved to strike the same as having been presented too late, but the objection and motion were overruled. Defendant's counsel then, by an oral statement to the court, taken down by the official reporter, represented that he was not prepared to meet the new issue presented by the amended reply. He alleged that the allegations in said amendment were a surprise to him, and that the defendant was wholly unprepared to present any testimony concerning the alleged intoxication and incompetency of Brazelton at the time of the execution of the paper referred to in said pleading, and that the defendant had no knowledge or notice that such matter would be alleged or made an issue in the case, and that time was necessary to prepare for trial of said issue and to obtain the testimony on part of the defense with reference thereto, and upon this representation asked that the case be continued for the term. The court again denied the demand for a continuance and to this ruling, also, the defendant has excepted and assigns error thereon.

We are of the opinion that the motion for continuance, as thus presented, should have been sustained. It may be

1. CONTINUANCE: surprise.

said that the showing for a continuance as first made, before the trial was begun, was not so strong that its denial should be held to have been an

abuse of discretion on part of the trial court. But at that
time the alleged fraud and imposition on part of Zane,
the defendant's adjuster, was not in any manner charged
or referred to in the pleadings; nor is there anything in the
record to indicate that at that time the defendant could
have been expected to foresee the necessity for being
ready to meet and defend against a charge of that na-
ture. It had been shown, on the issue made in sup-
port of the original motion, that the witness Zane was not
within the jurisdiction of the court, and when the amend-
ment to the reply brought a new issue and alleged fraud
practiced upon Brazelton by said Zane, the importance of
the presence of the latter as a witness on behalf of the de-
fendant became very apparent. Whatever may be said of
the lack of diligence on part of the defendant in securing
the presence of Zane as a witness at the trial, it has no
force, except with reference to the issues as stated at the
time the original motion was filed. Defendant could not
be held to anticipate the possible raising of a new issue of
this character, and come to court prepared to meet it.
When, therefore, the plaintiff filed an amendment in the
midst of the trial, raising a new and important claim of
fact going directly to the merits of the controversy, the de-
fendant became entitled to a continuance upon its demand
and showing of surprise and want of time in which to pre-
pare to meet the new matter thus injected into the issues.
Nor should the court, under such circumstances, hold the
party upon whom a new and important issue is sprung at
such a late hour to a very strict and formal showing in this
respect. If the claim of a desire for time for preparation is
made in apparent good faith, and there be nothing in the
record to convince the court that the demand is a mere de-
vice to cause vexatious delay the burden should be cast upon
him who affords the excuse for such demand to show that
no injustice will be done by proceeding with the trial.
From the very nature of the charge made in the amendment,

the man Zane was the only witness on whom the defendant could rely to meet it, and, as we have seen, the fact that he was out of the State, and beyond the reach of process, was already in evidence before the court. To compel the defendant to proceed with the trial under such circumstances had the effect to place it at an unjust disadvantage, and in our opinion the ruling must be held reversible error.

The point now made by the appellee that the motion was not made in writing does not seem to have been made below. Moreover a motion thus made in the midst of a trial and dictated into the record should, in our opinion, be considered as being in writing, especially where the parties and trial court have recognized it as a motion in the case.

In view of this finding and of the necessity of a new trial, we shall refer to but one other question argued by the counsel. The defense that Brazelton did not truly state the nature and extent of his interest in the

2. INSTRUCTIONS: recital of evidence: omission of material item.

insured property is based upon the claim made by defendant that the property was at the date of the policy, and continued until the date of the fire to be, the property of a partnership composed of the said Brazelton and the plaintiff. In support of this defense, the defendant relies upon the testimony given by Brazelton and by Flint as witnesses on the trial, and upon a journal or book of account kept by said parties, the entries in which, according to defendant's theory, tend to show a partnership between them. The court, in submitting this issue to the jury, called attention to the testimony of the two alleged partners, but did not mention the book of accounts, although requested by the defendant to do so. If the attention of the jury was to be specially called to the story told by the witnesses interested in denying the alleged partnership, the request that the court, in the same connection, also, mention the relevancy of the book to the disputed question, ought to have been granted. It is, we

think, a well-settled rule that, if the court attempts in an instruction to epitomize or collate the various matters of evidence which the jury may take into consideration in the determination of a given question, the omission of any material item bearing thereon constitutes prejudicial error.

Counsel in argument seek to avoid this conclusion by saying that the record presents no evidence of a partnership between Brazelton and the plaintiff at the date of the policy, and therefore the error, if any, was without prejudice. We think otherwise, and, had the jury specially found the existence of the alleged partnership, we would have no hesitation in holding the evidence sufficient to sustain the verdict.

For the reasons stated, a new trial will be ordered. The judgment of the District Court is therefore *reversed*.