MARTHA J. FLINT, Administratrix of the Estate of E. L. FLINT, Deceased, Appellee, v. ATLAS MUTUAL INSURANCE COMPANY, Appellants.

Fire insurance: ACTION BY MORTGAGEE: EVIDENCE. In a suit upon an insurance policy by a mortgagee, proof of notice to the company by the mortgagor, the introduction of formal proofs of loss, and of correspondence between the mortgagor and the company relative to the loss and the insurers proceeding with respect

thereto, was not prejudicial to the defendant although no issue was tendered to which the same was relevant.

**Same:** EVIDENCE AT FORMER TRIAL: DECEASED WITNESS. In a suit 2 upon a fire insurance policy by the mortgagee, to which the company pleaded a settlement with the mortgagor and in reply plaintiff alleged that the settlement was procured by fraud, a transcript of the testimony of plaintiff, since deceased, taken upon the former trial and relative to such issue was admissible on the second trial.

*Appeal from Linn District Court.—*HON. MILO P. SMITH, Judge.

MONDAY, MAY 10, 1909.

ACTION at law upon a policy of fire insurance issued to one Brazelton. The case was tried to a jury resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Henry & Henry,* for appellant.

*Thos. A. Cheshire,* for appellee.

DEEMER, J.—The policy was issued to W. E. Brazelton; loss, if any, payable to the mortgagee as his interest might appear. E. L. Flint, deceased, was a mortgagee of the property insured, and he commenced this

1. FIRE INSURANCE: action by mortgagee: evidence.

action. Before trial he died, and his administratrix was substituted as plaintiff. The errors assigned relate to certain rulings made by the trial court on the admission of testimony.

Plaintiff offered and was permitted to read in evidence certain letters written by Brazelton to the defendant company notifying it of the loss, and also permitted the formal proofs of loss to be introduced. In view of the issues tendered, no showing of notice or of proofs of loss was re-

quired; but testimony with reference thereto in no manner prejudiced the defendant. Plaintiff was also permitted to introduce three letters written by the secretary of the company to Brazelton, and also one written him by the defendant's adjuster. There was no prejudicial error here, as the correspondence all had reference to the loss and to the proceedings of the company · with reference thereto. In any event, the letters were not prejudicial.

E. L. Flint being dead, his testimony, or a part of it, given upon a former trial, was read to the jury. It is claimed that much, if not all, of his testimony was irrelevant and immaterial to any issue in the case.

2. SAME: evidence at former trial: deceased witness.

As a partial defense to the suit, defendant pleaded that Brazelton agreed to accept $1,000 in full of all claims under the policy, and that it was not liable to plaintiff for any greater amount. In reply, plaintiff pleaded that the alleged agreement of settlement was obtained through fraud and misrepresentation of defendant's adjuster, and while he (Brazelton) was intoxicated. There was also a claim that the mortgage upon the property defeated the policy. Flint's testimony to which objection was made all had reference to one or the other of these issues, and was properly received.

The case was before us on a former appeal (see 134 Iowa, 531), and reference is made to the opinion there filed for a better understanding of the propositions involved.

No prejudicial error appears, and the judgment must be, and it is, *affirmed.*